UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN SANCHEZ, et al.,<br><br>　　　　　　　　　Plaintiffs,<br>v.<br>BDF LAW GROUP, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:25-cv-00870-CAB-AHG<br><br>**ORDER DISMISSING COMPLAINT**<br><br>[Doc. No. 4] |

On April 14, 2024, Plaintiffs filed a complaint alleging a single due process violation against several Defendants who were clearly not state actors. [Doc. No. 1.] In that complaint, Plaintiffs alleged that the Court's jurisdiction was based on a proper federal question. The Court dismissed that complaint for want of subject matter jurisdiction since there was no alleged state action to sustain a constitutional claim. [Doc. No. 3.]

In their amended complaint, Plaintiffs have added the Attorney General of California as a Defendant to this case. The sole allegation is that the Attorney General discriminated against Plaintiffs on account of their national origin. [FAC ¶ 29.] This allegation is entirely conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

1  Moreover, any claim for damages against the Attorney General, who appears to be sued in his official capacity, is barred by sovereign immunity. *See Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."). The other relief requested has nothing to do with any alleged discrimination by the Attorney General. The Court again dismisses the operative complaint under Rule 12(b)(1). *See Bell v. Hood*, 327 U.S. 678, 682–683 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.").

The Court will give Plaintiffs an additional, final opportunity to amend their complaint. Plaintiffs are reminded that the Court may dismiss a case on 12(b)(1) grounds sua sponte. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Should Plaintiffs continue to assert federal claims to manufacture jurisdiction, the Court will dismiss this case with prejudice. Plaintiffs have until April 30, 2025 to file an amended complaint.

Dated: April 16, 2025

Hon. Cathy Ann Bencivengo
United States District Judge