UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN SANCHEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BDF LAW GROUP, et al., <br><br> Defendants. | Case No.: 3:25-cv-00870-CAB-AHG <br><br> **ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE** |

Before the Court is Plaintiffs Ruben Sanchez and Liliana Sanchez's Second Amended Complaint. [Doc. No. 6 ("SAC").] For the reasons stated below, the Court **DISMISSES** the case **WITH PREJUDICE**.

## I.   BACKGROUND

On April 13, 2025, Plaintiffs filed a complaint alleging a single due process violation against several defendants who were not state actors. [Doc. No. 1.] In that complaint, Plaintiffs asserted federal question jurisdiction. The Court ordered Plaintiffs to show why this Court has jurisdiction since Plaintiffs failed to allege state action sustaining a constitutional claim. [Doc. No. 3.]

Plaintiffs then filed a first amended complaint which added the Attorney General of California as a defendant. [Doc. No. 4.] The Court dismissed the first amended complaint

3:25-cv-00870-CAB-AHG

because (1) Plaintiffs added only a conclusory allegation that the Attorney General discriminated against Plaintiffs based on their national origin, and (2) claims against the Attorney General in his official capacity are barred by sovereign immunity.  [Doc. No. 5.] The Court gave Plaintiffs an additional, final opportunity to amend their complaint, warning that if Plaintiffs continued to assert frivolous federal claims to manufacture jurisdiction, the Court would dismiss this case with prejudice.  [*Id.* at 2.]

On April 30, 2025, Plaintiffs filed the SAC naming Bird Rock Home Mortgage ("BRHM"), Rob Bonta c/o Office of the Attorney General, Barrett Daffin ("Daffin"), San Diego Sheriff's Department, and Does 1–10 as defendants (together, "Defendants"). [SAC.]  Despite the Court's prior warnings, Plaintiffs sued the Attorney General in his official capacity.  Plaintiffs also assert that BRHM and Daffin's  failure to offer a loan modification or to comply with the California Homeowner Bill of Rights violated their Fourteenth Amendment due process rights.  [*See* SAC at 5–8.]  BRHM appears to be a private company, and Daffin appears to be a private individual; neither appears to be a state actor.  [*See id.*]

## II.    DISCUSSION

Plaintiffs may not assert a Fourteenth Amendment claim solely against a private individual or company absent state action.  *See Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) ("[P]laintiffs do not enjoy Fourteenth Amendment protections against 'private conduct abridging individual rights.'").  The Fourteenth Amendment does not apply to BRHM or Daffin's alleged conduct, and this claim against BRHM and Daffin does not present a cognizable federal question.

Plaintiffs also allege that the Office of the Attorney General violated their Fourteenth Amendment due process rights by ignoring the complaint they filed with the Attorney General.  [SAC at 8.]  Any claim for damages against the Attorney General or the Office of the Attorney General is barred by sovereign immunity.  *See Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in

their official capacities."). Therefore, Plaintiffs' claim for damages against the Office of the Attorney General is barred by sovereign immunity.

Additionally, Plaintiffs cannot compel the attorney general to investigate or rescind the foreclosure sale of their home. Plaintiffs do not have a constitutional right that permits them to force government officials to conduct investigations. *See DeShaney v. Winnebago Cnty. Dep't Of Soc. Servs.*, 489 U.S. 189, 196–197 (1989) ("[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure . . . property interests of which the government itself may not deprive the individual."); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Thus, Plaintiffs cannot assert a cause of action related to the Attorney General's purported failure to investigate.

In sum, Plaintiffs fail to establish federal question jurisdiction. Plaintiffs also seek an injunction against all Defendants from further violating the civil rights of the Plaintiffs and an order requiring the San Diego Sheriff's Department to rescind the lockout of Plaintiffs from their former home. [SAC at 8.] However, a plaintiff seeking injunctive relief must have an underlying cause of action on which to base such relief. *See Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942) ("Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted."). Because Plaintiffs have failed to establish an underlying cause of action, their injunctive claims also fail.

## III.   CONCLUSION

The Court gave Plaintiffs multiple warnings and opportunities to amend, yet they have repeatedly failed to properly plead subject matter jurisdiction. Accordingly, the Court may dismiss this case sua sponte. Fed. R. Civ. Pro. 12(h)(3). Dismissal without leave to amend is appropriate when the Court is satisfied that the deficiencies in the complaint could not be cured by amendment. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). ///

3:25-cv-00870-CAB-AHG

The Court therefore **DISMISSES** the case **WITH PREJUDICE**.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated:  July 9, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:25-cv-00870-CAB-AHG